

JEREMY J. SCHROEDER
jjs@fsslawfirm.com

March 23, 2018

The Honorable Haywood S. Gilliam, Jr.
United States District Court
Northern District of California
Courtroom 2 – 4th Floor
1301 Clay Street
Oakland, CA 94612

      RE:    *N.L. v The State of California, et al.*
                Case No. 3:17-cv-06242-HSG

Dear Judge,

      In response to your request at the telephonic conference on March 21, 2018 (Dkt. 40), whereat you requested authority regarding application of California Code of Civil Procedure § 129, we offer the following.

      In the Northern District case of *Holmes v U.S.*, 2010 U.S. Dist. LEXIS 24803, Judge Edward M. Chen evaluated a somewhat similar situation. (C-08-5619-PJH-EMC Dkt. 29., copy enclosed.) In that case, the defendant sought an order compelling the San Francisco Police Department to produce materials which the Department asserted were protected from disclosure by California Code of Civil Procedure § 129, but stated it would produce the materials upon the issuance of a court order. Unlike our case, Plaintiff in that case objected to the production on varied grounds. Citing *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) and *Mercado v. Division of N.Y. State Police*, 989 F. Supp. 521, 522 (S.D.N.Y. 1998). Judge Chen noted that while the District Court is not bound by Section 129, federal common law provided for consideration of state law privileges under the doctrine of comity. After considering California's legitimate concern embodied in Section 129, Judge Chen ordered that the Department produce the materials.

      Based on the above, while it is true that this Court is not bound by Section 129, it has the power to order the Alameda County Coroner to produce the materials. The parties went through the Section 129 notification process to assuage, in advance, Alameda County's concerns about its obligations under Section 129. If the Court is not comfortable with the form of our proposed order, we would be happy to redraft it to meet your concerns.

                                            Kindest regards,

                                            /s/ Jeremy J. Schroeder

                                            Jeremy J. Schroeder

Enclosure:

cc: Roy E. Huntsman, Esq.
　　Counsel for Plaintiff, N.L.

**A** Neutral
As of: March 21, 2018 10:37 PM Z

# [Holmes v. United States](#)

United States District Court for the Northern District of California

March 4, 2010, Decided; March 4, 2010, Filed

No. C-08-5619 PJH (EMC)

**Reporter**
2010 U.S. Dist. LEXIS 24803 *; 2010 WL 760537

MONICA HOLMES, Plaintiff, v. UNITED STATES OF AMERICA, Defendant.

**Subsequent History:** Findings of fact/conclusions of law at [Holmes v. United States, 2011 U.S. Dist. LEXIS 49701 (N.D. Cal., May 10, 2011)](#)

## Core Terms

photographs, decedent, federal court, court order, autopsy, parties, scene, post mortem examination, legitimate concern, protective order, deceased person, expert report, intrusions, privileges, documents, injuries, issuance, provides, redacted, blurred, details

**Counsel:** **[*1]** For Monica Holmes, Plaintiff: David B. Baum, Martin L. Blake, LEAD ATTORNEYS, Baum & Blake, San Francisco, CA.

For United States of America, Defendant: Jennifer S Wang, LEAD ATTORNEY, United States Attorney's Office, San Francisco, CA; Thomas R. Green, United States Attorney's Office, Northern District of California, San Francisco, CA.

**Judges:** EDWARD M. CHEN, United States Magistrate Judge.

**Opinion by:** EDWARD M. CHEN

## Opinion

**ORDER GRANTING DEFENDANT'S MOTION FOR ORDER FOR RELEASE OF SAN FRANCISCO POLICE DEPARTMENT PHOTOGRAPHS**

**(Docket No. 29)**

The above-referenced case is a wrongful death action. Monty Holmes, the decedent, was killed in a traffic accident that took place on or about April 24, 2007. Defendant subpoenaed the San Francisco Police Department's ("SFPD") documents related to the accident. The SFPD produced certain documents but withheld a number of photographs. The SFPD informed Defendant that, pursuant to California **Code of Civil Procedure** [§ 129](#), it would produce the photographs only upon issuance of a court order. Defendant has now filed a motion asking the Court to issue an order authorizing the release of the photographs by the SFPD. The SFPD has not opposed the motion but Plaintiff, the decedent's daughter, **[*2]** has.

Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Defendant's motion.

**I. DISCUSSION**

As noted above, the SFPD has stated that, pursuant to California **Code of Civil Procedure** [§ 129](#), it will produce the photographs of Mr. Holmes only upon issuance of a court order. [Section 129](#) provides in relevant part as follows:

> Notwithstanding any other provision of law, no copy, reproduction, or facsimile of any kind shall be made of any photograph, negative, or print, including instant photographs and video recordings, of the body, or any portion of the body, of a deceased person, taken by or for the coroner at the scene of death or in the course of a post mortem examination or autopsy made by or caused to be made by the coroner, except for use in a criminal action or proceeding in this state that relates to the death of that person, or except as a court of this state permits, by order after good cause has been shown and after written notification of the request for the court order has been served, at least five days before the order is made, upon the district attorney of the county in which the post mortem

examination or autopsy has been made or caused [*3] to be made.

Cal. Code Civ. Proc. § 129.

While the SFPD may be bound by § 129, this Court is not. See Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). Plaintiff effectively admits as much in her opposition but argues that, even so, a federal court may accommodate a state privilege in a federal question case. Plaintiff is correct to a certain extent.

> [F]ederal common law provides for some consideration of state law privileges, since a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policies. To resolve discovery disputes of this kind, a federal court must balance the [moving party's] interests in disclosure against the state's legitimate concern of protecting the [confidential information] from unnecessary intrusions.

Mercado v. Division of N.Y. State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998) (internal quotation marks omitted).

In this case, the balance weighs in favor of Defendant. Undoubtedly, the state has a legitimate concern in protecting photographs of a deceased person from unnecessary intrusions. But unlike [*4] the situation in *Catsouras v. Dept. of CHP, Nos. G039916, G040330, 181 Cal. App. 4th 856, 104 Cal. Rptr. 3d 352, 2010 Cal. App. LEXIS 113 (Cal. Ct. App. Jan. 29, 2010)*, here, the photographs would not be used in a morbid manner or for exploitative purposes. As this Court stated at the hearing, the photographs would be produced under a protective order for use only in this litigation and any graphic details of the injuries suffered by the decedent can be redacted or blurred. On the other hand, Defendant has a significant interest in obtaining the photographs in order to defend itself in the case. [1] The position of the decedent is in dispute and the ultimate resting place of the body may have probative value. Plaintiff contends that the photographs are not needed for Defendant to defend itself because there is already abundant evidence about the scene of the accident. Plaintiff notes that both sides have already tendered expert reports without the photographs. While there may be a fair amount of evidence already gathered by the parties, and while that evidence may have been used by the experts as a basis for providing their reports, that does not necessarily mean that the photographs are therefore redundant. There is a possibility [*5] that expert reports may be supplemented.

## II. **CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion. The SFPD shall produce the photographs forthwith under a protective order. The details of the decedent's injuries may be redacted or blurred.

This order disposes of Docket No. 29.

IT IS SO ORDERED.

Dated: March 4, 2010

/s/ Edward M. Chen

EDWARD M. CHEN

United States Magistrate Judge

---

**End of Document**

---

[1] Defendant seeks only those photographs taken of Mr. Holmes at the accident scene; it does not seek the release of photographs taken during the autopsy of Mr. Holmes. See Mot. at 5.